UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHNNY LEE RICHMOND,

    Plaintiff,

v.                        Case No. 21-cv-1248-pp

UNKNOWN,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**

---

The plaintiff, representing himself, filed a complaint against "All Covered by Cover ≠ To many to Name But all are Settlors in Possession." Dkt. No. 1 at 1. The plaintiff indicates that he is a citizen of the "UK, USA, etc." but lists his address as 2057 S. 14th Street in Milwaukee. Id. at 1. He claims his birth rights were violated. Id. at 3. The plaintiff also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. The court will grant the motion for leave to proceed without prepaying the filing fee and will dismiss this complaint for failure to state a claim.

**I.    Plaintiff's Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which

1

relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is not employed but he did not indicate whether he is married. Dkt. No. 2 at 1. The plaintiff says he has no income, no expenses, no rent or mortgage, no car, no home, no checking or savings accounts, and no other assets. Id. at 4. He states that he is "broke and in poverty until advances." Dkt. No. 2 at 4. The court finds that the plaintiff does not have the ability to pay the filing fee given his current lack of income and no other assets.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees."). Because the plaintiff has filed at least five cases in this district, the court advises him that he is responsible for the filing fees even if the court grants him leave to proceed without prepaying the filing fee and even if it later dismisses the case.

## II. Screening

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune

2

from such relief. 28 U.S.C. §1915(e). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The plaintiff filed his complaint on the required form, which asked him to explain who violated his rights, what each defendant did, when they did it, where it happened, and why they did it. The plaintiff stated as follows:

> Birth rights were violated by each person, corporation by alterations and amendments within and also outside federal or state allowed constitutional areas is where it to me happened as heir apparent male absolute monarchial USA happenstances is also upon probation of accepted UK warrants for me to claim my credits and debts by issue from your Honours court decree to uphold support SCR 20:1.15 (d) 4 a.

Dkt. No. 1 at 3. The plaintiff says that he is suing under federal law and state law and wants the return of collateral. Id. at 4. The collateral apparently includes "cash, cloths [sic], homes, cars, jewelry, credit cards and Pin numbers, food, etc." Id. at 2.

The plaintiff also attached fifty pages of miscellaneous documents with a caption that reads "Richmond verses R2554326618506 Mi Wi USA, UK etc.,

3

xxx xx 0783: Case No. R255 4326 6185 06." Dkt. No. 1-1 at 1. He attached pages from a book about trusts and wrote about his constitutional direct trust paid payment. Id. at 3. He asserted that the trustees have received "every renumerations" and asks the court to terminate his "Richmond or Townsend Crown copyright which should no longer create civil servants as ministers and governmental executive debt departments and agencies." Id. at 3. The plaintiff includes addresses in England and references properties in Australia, the United States and Europe, id. at 6, but also references the United Way Recovery Services, id. at 7. There are random documents from the IRS, id. at 30, and the Social Security Administration, id. at 33, and there is an analysis of sovereign bullion portfolio crown gold reserves, id. at 38.

Even liberally construing the complaint, as the court must at this stage of the proceedings, the plaintiff does not come close to stating a claim. Typically the court would allow the plaintiff to amend the complaint if the court thought the plaintiff could state a valid claim. In this case, however, the court cannot determine who the plaintiff intends to sue and why or on what basis this court could exercise jurisdiction. The court is acquainted with the plaintiff's filings—the plaintiff has filed at least five other cases in this district. All have been dismissed as frivolous or for failure to state a claim. See Richmond v. Federal Reserve System, Case No. 17-cv-988 (E.D. Wis. 2017); Richmond v. United States District Court for the Eastern District of Wisconsin, Case No. 17-cv-998 (E.D. Wis. 2017); Richmond v. United States of America, Case No. 14-cv-1094 (E.D. Wis. 2015); Richmond v. IRS, Case No. 14-cv-105

4

(E.D. Wis. 2014). Most recently, Judge Griesbach noted that the plaintiff's complaint had the hallmarks of the "Sovereign Citizens" movement and, because the plaintiff was incarcerated at the time he filed that case and thus subject to the requirements of 28 U.S.C. §1915A, imposed a strike along with the dismissal. Richmond v. The Executive Department of the U.S. *et al.*, Case No. 21-cv-829 (E.D. Wis. 2021).

### III. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** the plaintiff's case for failure to state a claim. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of April, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
